7   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
8   AT SEATTLE

9

| 10 | WEST-HARDWICK MARINE, LLC, | CASE NO. C10-1509JLR |
|---|---|---|
| 11 | Plaintiff, | ORDER ON OBJECTION TO VOLUNTARY DISMISSAL |
| 12 | v. | |
| 13 | SPIRIT OF ENDEAVOUR, et al., | |
| 14 | Defendants. | |

15   This matter comes before the court on Defendant West Travel, Inc.'s ("West

16   Travel") objection (Dkt. # 56) to Plaintiff in Intervention Greg Kovsky's notice of

17   voluntary dismissal (Dkt. # 54). Having considered West Travel's objection, Mr.

18   Kovsky's response (Dkt. # 56), West Travel's reply (Dkt. # 58), the balance of the record,

19   and the relevant law, the court DENIES West Travel's objection (Dkt. # 56) and confirms

20   that Mr. Kovsky's claims against West Travel have been dismissed without prejudice.

21

22

ORDER- 1

# I. BACKGROUND

Plaintiff West-Hardwick Marine, LLC ("West-Hardwick") initiated this action to foreclose a mortgage *in rem* on Defendant SPIRIT OF ENDEAVOUR (the "Vessel"), which was owned by West Travel (Dkt. # 1). On September 21, 2010, the court appointed Matthew Schneider as a substitute custodian for the Vessel (Dkt. # 10). On December 16, 2010, West-Hardwick notified the court that certain creditors of West Travel had filed a petition for involuntary bankruptcy in the United States Bankruptcy Court for the Western District of Washington (Dkt. # 31). The case was automatically stayed.

On February 28, 2011, the Bankruptcy Court entered an order lifting the automatic stay of proceedings against West Travel and the Vessel (Dkt. # 33). On March 8, 2011, Mr. Kovsky filed a claim of interest in the Vessel (Dkt. # 36), and on March 24, 2011, the court allowed Mr. Kovsky to intervene (Dkt. # 40). Mr. Kovsky alleged that he sustained personal injuries while working as a crew member on the Vessel (Dkt. # 45). Mr. Kovsky had previously initiated an action against West Travel in Los Angeles County, California, on November 17, 2010. (Resp. (Dkt. # 57) at 2.) During the California litigation, West Travel, through its insurers, paid maintenance and cure to Mr. Kovsky and authorized and paid for two surgeries to his knee and shoulder.[1] (*Id.*) A third surgery to Mr. Kovsky's left shoulder was approved, however, authority for payment was

---

[1] West Travel contends that this is a misstatement of the facts. (Reply (Dkt. # 58) at 2.) Whether the alleged facts are true, however, has no bearing on the disposition of West Travel's objection to Mr. Kovsky's voluntary dismissal.

withdrawn and the surgery was not performed because the California litigation was stayed due to the involuntary bankruptcy. (*Id.*)

In April 2011, the Vessel was sold at a Marshal's sale (*see* Dkt. # 41).

On June 20, 2011, Mr. Kovsky moved the bankruptcy court for relief from the stay so that he could renew the California litigation, and the bankruptcy court granted him such relief on July 22, 2011. (Resp. at 3.) The order was approved by the bankruptcy trustee. (*Id.*)

On August 2, 2011, Mr. Kovsky filed a notice of voluntary dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), and on August 4, 2011, West Travel objected and filed its answer to Mr. Kovsky's complaint in intervention (Dkt. ## 55, 56).

## II. DISCUSSION

Federal Rule of Civil Procedure 41 states in relevant part: "Subject to Rule[] . . . 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Federal Rule of Civil Procedure 66 provides that "[a]n action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66; *see also* Local Rules W.D. Wash. CR 66. The advisory committee note to Rule 66 explains that dismissal by court order is required after a receiver is appointed because a "party should not be permitted to oust the court and its officer without the consent of the court." Fed. R. Civ. P. 66 advisory committee's note.

Mr. Kovsky filed his notice of dismissal before West Travel filed an answer or a motion for summary judgment as required by Rule 41(a)(1)(A). West Travel objects on the grounds that Mr. Kovsky was required to file a motion and obtain an order of dismissal from the court pursuant to Federal Rule of Civil Procedure 66 because Mr. Schneider had been appointed a substitute custodian in the matter. (Obj. (Dkt. # 56) at 2.) Mr. Schneider, however, was appointed substitute custodian of the Vessel for the limited purpose of retaining custody over and ensuring the safekeeping of the Vessel until it was sold. (*See* Dkt. # 10 at 3 ("Mathew Schneider is appointed substitute custodian of the Vessel and shall retain the Vessel in his custody for possession and safekeeping until further order of this Court.").) After the Vessel was sold in April 2011, his role as substitute custodian terminated. *See Fed. Sav. & Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980) ("When the receiver in obedience to a court order has so disposed of the property in receivership, his liability and responsibility as receiver to that property ceases. Since the property is no longer in custodial egis, the receivership is terminated."). Because there is currently no receiver involved in the case, Rule 66 is not applicable. Mr. Kovsky properly filed his notice of voluntary dismissal as required by Rule 41(a)(1)(A).

\\

\\

\\

Accordingly, the court DENIES West Travel's objection (Dkt. # 56) and confirms that Mr. Kovsky's claims against West Travel have been voluntarily dismissed without prejudice.

Dated this 20th day of October, 2011.

JAMES L. ROBART
United States District Judge